UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICKIE FORREST, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-CV-01855-JAR |
| ) | |
| JOHNSON & JOHNSON, et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on Plaintiffs' Emergency Motion to Remand (Doc. 20), Plaintiffs' Motion to Expedite Ruling on Plaintiffs' Emergency Motion to Remand and Notice of Waiver of Plaintiffs' Reply (Doc. 23), and a Motion to Stay all Proceedings filed by Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc., f/k/a Johnson & Johnson Consumer Companies, Inc. (collectively, the "Johnson & Johnson Defendants") (Doc. 6) in which Defendant Imerys Talc America, Inc. has joined (Doc. 30). The motions are fully briefed and ready for disposition.

**Background**

This action was originally filed on February 23, 2015, in the Circuit Court for the City of St. Louis, Missouri (Doc. 9). In their petition, 76 plaintiffs, who are from 28 different states—including Missouri, New Jersey, and California—assert various claims under Missouri law arising out of the design, development, manufacture, testing, packaging, promotion, marketing, distribution, labeling and sale of Johnson & Johnson Baby Powder and Shower to Shower ("the talc products") (Id.). Plaintiffs allege that they or a decedent family member used the talc products for feminine hygiene purposes, and developed ovarian cancer as a result (Id.).

1

On June 29, 2017, the Johnson & Johnson Defendants removed the action to this Court, with the consent of Imerys Talc America Inc. (Docs. 1, 1.3). In their notice of removal, the Johnson & Johnson Defendants argue that the Court has diversity jurisdiction over this matter, see 28 U.S.C. § 1332(a) (diversity jurisdiction), 1446 (removal of civil actions). More specifically, Defendants argue that all the out-of-state plaintiffs have been misjoined because they have no connections to the State of Missouri and that the Court thus lacks personal jurisdiction over them. As such, Defendants urge the Court to decide the issue of personal jurisdiction before it reaches the issue of subject matter jurisdiction, dismiss the out-of-state plaintiffs for lack of personal jurisdiction, and ultimately conclude that the Court has subject matter jurisdiction over the remaining defendants, who are completely diverse (Doc. 1, 31).

Defendants further contend that their notice of removal is timely because it was filed within thirty days of the United States Supreme Court's recent decision in Bristol-Meyers Squibb Co. v. Superior Ct. of California, 137 S. Ct. 1773 (June 19, 2017), and an oral order declaring a mistrial in a similar case involving the talc products in the Circuit Court for the City of St. Louis, see Swann v. Johnson & Johnson, No. 1422-CC09326-01 (Mo. Cir. Ct. St. Louis, June 19, 2017). In Bristol-Meyers, the Supreme Court held that, for a court to have specific personal jurisdiction over the claims of non-resident plaintiffs, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Bristol-Meyers, 137 S. Ct. at 1780 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). The Supreme Court elaborated that if no such connection between a non-resident defendant and the forum state exists, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the state." Id. at 1781. The Supreme Court further explained that the

mere fact that *other* plaintiffs to the action can establish an affiliation between the forum state and the facts underlying their claims "does not allow the State to assert specific jurisdiction over the nonresidents' claims . . . what is needed is a connection between the forum and the specific claims at issue." Id. at 1781-82. Defendants also argue that their removal is timely because Plaintiffs engaged in bad faith to secure a forum that Plaintiffs believe will be more favorable to them and more hostile to Defendants (Docs. 1, 34).

Plaintiffs move to remand this case back to the Circuit Court for the City of St. Louis, arguing, inter alia, that Defendants' notice of removal is untimely, as it was filed more than one year after this case was first filed in the state court and that Plaintiffs have not engaged in bad faith to prevent timely removal (Doc. 20-21).

**Discussion**

Federal courts must "resolve all doubts about federal jurisdiction in favor of remand" and are to strictly construe the removal statute, including its time limits for removal. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007). As the parties seeking removal, Defendants bear the burden of establishing this Court's jurisdiction. Bowler v. Alliedbarton Sec. Servs., LLC, 123 F. Supp. 3d 1152, 1155 (E.D. Mo. 2015). To remove a civil action from a state court, a defendant must file a notice of removal in the appropriate district court:

> within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b). Section 1446(b)(3) further provides:

> If the case stated by a plaintiff's initial complaint is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable.

However, "[a] case may not be removed under [§ 1446(b)(3)] on the basis of [diversity] jurisdiction more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). In Missouri, a civil action is commenced by filing a petition with the court. See Mo. R. Civ. P. 53.01; Jackson v. Bayer Healthcare Pharm., Inc., No. 4:17-cv-01413-JAR, 2017 WL 2691413, at *6 (E.D. Mo. June 22, 2017); Jackson v. C.R. Bard, Inc., No. 4:17-CV-974-CEJ, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017).

Defendants filed their notice of removal 28 months after Plaintiffs commenced this action. There is also no indication that Plaintiffs acted in bad faith to prevent Defendants from removing this action to federal court within one year after the case was first filed. Although the Court is inclined to agree with Defendants' argument that, post-Bristol-Meyers, courts should address the issue of personal jurisdiction before reaching the issue of subject matter jurisdiction in cases such as this one, Defendants' removal of this case was nevertheless untimely based on a plain reading of 28 U.S.C. § 1446(c)(1). Plaintiffs clearly sought to secure an advantageous forum in the state court and joined certain Plaintiffs for the very purpose of avoiding federal jurisdiction over this case. The Court notes, however, that such joinder was permissible under the legal standard in this District as it existed at the time Plaintiffs commenced this case and as it existed for at least one year thereafter.[1] As such, the Court is not persuaded that Plaintiffs acted

---

[1] Bristol-Meyers changed the legal landscape as it relates to joinder of out-of-state plaintiffs in pharmaceutical products liability cases in this District. Prior to the Supreme Court's decision in Bristol-Meyers, this Court had repeatedly resolved the issue of subject matter jurisdiction before reaching the issue of personal jurisdiction, determined that joinder of out-of-state Plaintiffs was permissible, and remanded such cases back to state court. See e.g., Lewis v. Johnson & Johnson, No. 4:16-cv-001885-NCC, 2017 WL 951797, at *2-3 (E.D. Mo. Mar. 10,

in bad faith to prevent Defendants from removing this case within one year of the date it was commenced.

In short, Defendants removal of this action was untimely. Therefore, this Court will remand the case back to the Circuit Court for the City of St. Louis. The Court notes that the parties will have a full and fair opportunity to present their arguments on the issue of whether Missouri courts can exercise personal jurisdiction over the out-of-state Plaintiffs to the state court.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Expedite Ruling on Plaintiffs' Emergency Motion to Remand and Notice of Waiver of Plaintiffs' Reply (Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Emergency Motion to Remand (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri under 28 U.S.C. § 1447(c). The Clerk of Court is directed to mail to the clerk of the Circuit Court for the City of St. Louis a certified copy of this Memorandum and Order.

---

2017) (remanding talc products case); Timms v. Johnson & Johnson, No. 4:16-cv-00733-JAR, 2016 WL 3667982, at *2-4 (E.D. Mo. July 11, 2016) (same); Hogans v. Johnson & Johnson, No. 4:14-cv-1385-JCH, 2014 WL 4749162, at *3 (E.D. Mo. Sept. 2014) (same); Swann v. Johnson & Johnson, No. 4:14-cv-01546-CAS, 2014 WL 6850776, at *2-4 (E.D. Mo. Dec. 3, 2014) (same); see also Langston v. Bayer Corp., No. 4:17-cv-00888-JAR, 2017 WL 1873285, at *1 n.1 (E.D. Mo. May 9, 2017) (remanding substantially similar case involving Essure contraceptive devices; collecting cases); Robinson v. Pfizer, Inc., No. 4:16-cv-00439, 2016 WL 1721143, at *3-4 (E.D. Mo. Apr. 29, 2016) (remanding case and imposing fees and costs for improper removal after finding that procedural joinder and personal jurisdiction arguments in case involving Lipitor were objectively unreasonable in light of this Court's repeated remands based on lack of subject matter jurisdiction where defendants had asserted substantially similar arguments in previous attempts to remove cases), appealed dismissed, 855 F.3d 893 (8th Cir. 2017).

**IT IS FURTHER ORDERED** that Defendants' Motions to Stay (Docs. 6, 30) are **DENIED**.

**IT IS FINALLY ORDERED** that all other pending motions are **DENIED without prejudice as moot**.

Dated this 20th day of July, 2017.

*John A. Ross*
_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**